### Duncan *v.* The Gov. Francis T. Nicholls.

*(Circuit Court, E. D. Louisiana.  October 18, 1890.)*

Admiralty—Review on Appeal.
  In cases involving questions of fact only depending on conflicting evidence, and the credibility of witnesses, the circuit court in admiralty will not disturb the decrees of the district court, where there is no preponderance of evidence, and no additional evidence offered on appeal.

In Admiralty.

The following are the findings of the district court referred to in the opinion:

"This cause came on to be heard and was argued by proctors.  On consideration thereof, the court is satisfied and finds that in law the steam-tug was in fault for the collision, which happened between her and libelant's lugger on the 28th of February, 1889, and therefore the libelant is entitled to recover the damages sustained by him in the premises, and amounting under the proof to one hundred and fifty dollars."

*T. M. Gill*, for claimant.
*H. Delesdernier*, for libelant.

PARDEE, J. The case presented to this court, growing out of the collision of the tug Nicholls and the libelant's lugger, presents only questions of fact. The correct decision of these questions of fact depends upon the credibility to be given the witnesses on both sides. The important fact in the case is whether the libelant's lugger unnecessarily and improperly changed its course when in front of the defendant tug. After a careful and painstaking examination of the whole case, comparing and weighing the evidence given, I am unable to reach an opinion contrary to the findings of the district judge, and therefore affirm the decree given by the district court. In cases involving only facts, and the proof of these facts resting upon conflicting evidence and the credibility of witnesses, where there is no preponderance of evidence, nor additional evidence offered on appeal, the circuit courts in admiralty do not on appeal disturb the decrees of the district court. For both reason and authority, see *The Thomas Melville*, 37 Fed. Rep. 271, 36 Fed. Rep. 708; *The Saratoga*, 40 Fed. Rep. 509. The following decree will be entered in this case: This cause came on to be heard upon the transcript of appeal, and was argued. On consideration whereof it is ordered, adjudged, and decreed that the libelant, H. Duncan, do have and recover from James Sweeney, owner of the tug-boat Gov. Francis T. Nicholls, claimant in this cause, and from Charles A. Miltenberger, surety of said Sweeney on the bond of release *in solido*, the sum of $150 damages, with 5 per cent. interest from judicial demand, to-wit, from March 9 1889, until paid; and all costs of the district and circuit courts.